## Case No. 14,781.

### UNITED STATES v. CHAPEL.

### SAME v. CROSBY.

[26 Law Rep. 22.]

District Court, W D. Michigan. Nov. 11, 1863.

INTERNAL REVENUE — FAILURE TO TAKE OUT LICENSE—TO AFFIX STAMPS—INDICTABLE OFFENCES.

A failure to take out a license or a neglect to affix stamps as required by the internal revenue law, are indictable offences.

BY THE COURT. The motion to quash the indictment against Jared Chapel, for being engaged in the business of a lawyer without a license, and the demurrer to the indictment against Lysander Crosby, for making three promissory notes, each for more than twenty dollars, without being duly stamped to denote the duty imposed thereon. I will dispose of together. Both motion and demurrer have been argued, upon the distinct ground that the remedy by indictment does not exist, and that the only method of proceeding for a violation of the statute is by action or information of debt, to recover the penalty. There is this difference, however, between the two cases: to the pecuniary penalty imposed for being engaged in any business named in the section 64 of the internal revenue law, without a license, a subsequent statute has added punishment by imprisonment upon conviction; whereas, the provision requiring stamps to be placed on instruments imposes, for a violation, only a pecuniary penalty.

In order that we may intelligibly investigate and consider the question presented, we need, first, to look at the nature and purpose of penal statutes. "An offence," says Mr. Wharton, "which may be the subject of criminal procedure, is an act committed or omitted in violation of public law, either forbidding or commanding it." 1 Whart. Cr. Law, § 1. Misdemeanors at common law comprise all offences less than felony, which may be the subject of indictment, and these are divided into two classes—those penal at common law, and those penal by statute. Id. § 3. There are two sorts of penal statutes which create offences; one where the statute enjoins or forbids an act, without declaring the omission or commission of the act indictable; the other, where the omission or commission is made specifically indictable. Whart. Cr. Law, § 10. It is a well-settled rule of criminal law, that a statute which enjoins or forbids an act, that is

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[2] [Reversed in 24 How. (65 U. S.) 131.]

not at common law a misdemeanor, and imposes a pecuniary penalty for its violation, creates, technically, an offence. U. S. v. Mann [Case No. 15,718]. But, is it an offence which is indictable? I regard this question as put beyond controversy by the authorities. Mr. Wharton says (section 10, same volume): "If a statute prohibits a matter of public grievance, or commands a matter of public convenience, all acts or omissions contrary to the prohibition or command of the statute, being misdemeanors at common law, are punishable by indictment." See section 1, before referred to; also, 1 Russ. Crimes, p. 49.

Now, there is this distinction to be observed—some penal statutes simply prohibit or command an act, without imposing any penalty or punishment for a violation thereof, and without prescribing a mode of punishment; other statutes prohibit or command an act, and impose a pecuniary penalty upon any person committing an infraction of its provisions—sometimes prescribing a mode of recovery, and sometimes not naming any remedy. There is no disagreement in the authorities, that where a public statute enjoins or forbids an act without imposing any penalty or punishment, a violation of its provisions is a misdemeanor, for which the person can be indicted and convicted, and, consequently, punished by imprisonment. 1 Russ. Crimes. p. 49; 1 Whart. Cr. Law, § 10; Rex v. Wright, 1 Burrows, 543; Lord Mansfield's opinion, p. 4; Rex v. Harris, 4 Term R. 202, all the judges concurring; Lord Kenyon. C. J.; Ashhurst, Buller, and Grose, JJ.

The next consideration is the United States statute, under which the indictments are drawn. It cannot be claimed that the statute has made the acts complained of in either indictment, viz.: making promissory notes without stamps, and being engaged in the business of a lawyer without license, specifically an indictable offence; that is, the statute does not expressly declare that either shall be the subject of indictment. The statute which requires lawyers to pay a license of ten dollars is as follows: "Sec. 57. And be it enacted that from and after the first day of August. 1862. no person, association of persons, or corporation, shall be engaged in, prosecute or carry on either of the trades or occupations mentioned in section 64 of this act, until he or they shall have obtained a license therefor, in the manner hereinafter provided." Section 64 mentions the occupation of a lawyer; then section 58 enjoins the duty. upon every person desiring to obtain a license, of registering with the assistant assessor his name, occupation for which he desires a license, and the place where he proposes to carry on the same; and section 59 enacts that every person, who shall carry on such occupation without taking out a license as in that behalf is required, shall, for every such offence, respectively, forfeit a penalty equal to three times the amount of duty or sum imposed for such license—one moiety to the use of the United States, the other to the person who shall first discover or give information of the fact whereby said forfeiture was incurred. 12 Stat. 453.

I need spend no more time to show that the rule in reference to penal statutes unquestionably is, that it is an indictable offence to violate a public statute which enjoins or forbids an act; and if so, it is such indictable offence to engage in any business, trade or occupation, forbidden by section 59 of the act of congress in reference to internal revenue. That section simply forbids the act, and does not declare any penalty, or prosecute any remedy; and so with section 58. If Chapel desired to obtain a license, and willfully failed to register his name, etc. with the assistant assessor, and was afterwards found practising law without a license—which would be evidence that he did desire a license—he has violated another plain command of a public statute, and thereby committed an offence which all the authorities agree is indictable. The law, as contained in Russell on Crimes (volume 1, p. 49), and in the other authorities to which I have referred, cannot be questioned, viz.: "Where the statute commands or forbids the doing of a thing, the doing or omission of that thing wilfully, although without corrupt motives, is indictable." But the 59th section expressly provides that the person who carries on such occupation, etc. as is named in section 64. shall forfeit a pecuniary penalty; and a subsequent act adds to that penalty, on conviction, imprisonment, in the discretion of the court, not exceeding two years. Whatever might be said as to the remedy by indictment, under the provisions of section 59. in the absence of the later statute imposing imprisonment on conviction, it is clear that this latter provision establishes the intention of the law makers to be, that carrying on a business without license, when one is required, is not only an offence, but one punishable by indictment. For there can be no judgment or sentence of imprisonment in a civil proceeding; and hence. by necessary implication, if not expressly, the remedy by indictment is given by congress for a violation of section 59. It will result from the views already expressed, that the motion to quash the indictment against Jared Chapel, for engaging in the business of a lawyer without a license, must be denied.

Let me briefly recapitulate. The indictment and the law in Chapel's case are regarded in this wise: First. One count of the indictment charges a violation of section 59, which section forbids the act complained of; the section nor act prescribes no punishment or remedy for an infraction of this section, and so: Second. Another count charges a violation of section 58, and this section enjoins the act, for not doing which the charge is brought. The remedy for an infraction of either of these sections is clearly by indictment, as the authorities agree. It will be no-

ticeable the statute gives no penalty, punishment or remedy for a violation of either section; and being a public statute, one provision forbidding, the other commanding the doing of certain things, the sole remedy is an indictment for an offence, and the punishment imprisonment. And, third, one other count charges a violation of section 59. This section imposes a pecuniary penalty if certain business is exercised or carried on without a license. The remedy here is two-fold, by an action or information of debt, because section 31 expressly gives the right to recover, by action or other appropriate form of proceeding, and by indictment, because the subsequent statute of March 3, 1863 (12 Stat. 727, § 24), clearly gives, by necessary implication, this remedy.

I will now turn more particularly to a consideration of the demurrer to the indictment against Crosby:

The arguments made and authorities adduced in the two cases, by the respective counsel for the respondents, were not fully answered or refuted; and in the absence of existing authorities, I confess, I took the papers in this case not wholly free of doubt, because of the seemingly direct authority read to sustain the demurrer on the principal point, viz.: That where a statute imposes a pecuniary penalty for the doing of a particular act, the remedy by indictment will not lie, but only a civil action to recover the penalty, unless the statute expressly give indictment.

I will recur to the principal authorities cited by counsel for Crosby, and some of the leading authorities, declaring what I regard the correct rule of law governing the question.

There can be little doubt, I think, but the usual and almost universal practice, in the courts of the United States, has been to enforce the payment of pecuniary penalties, given by statute, by civil and not criminal proceedings. And so Judge Story, in the case of Matthews v. Offley [Case No. 9,290], says: "Upon general principles, when a pecuniary penalty or forfeiture is inflicted for a public offence or money, it seems clear that the action to recover the penalty or forfeiture must be brought in the name of the government, and not in the name of a private party, unless some other mode for the recovery is prescribed by some statute; and the usual remedy, in cases of a pecuniary penalty, is an action or information of debt by the government itself." Such was claimed to be the practice on the argument, and I am satisfied that such has been the usual practice.

The case of Adams v. Wood. 2 Cranch [6 U. S.] 336, does not go the extent claimed for it, viz.: authority that an indictment does not lie. The court says: Almost every fine or forfeiture under a penal statute may be recovered by action of debt as well as by information. I do not see that this is even negative authority. Neither can I regard the

case of U. S. v. Mann [Case No. 15,718], and the case of Ex parte Marquand [Id. 9,100], as changing the former settled rule; though. Judge Story refers in the case of U. S. v. Mann, to Rex v. Malland, 2 Strange, 828, where he says it is laid down as law "that where a pecuniary penalty is annexed to an offence, and no mode of prosecution is prescribed, an indictment does not lie therein, but only an information of debt on the exchequer."

It is true that the statute we are considering would seem to be within the rule of Rex v. Malland, as adopted by Judge Story. But on further examination, we shall find Rex v. Malland to stand quite alone, and opposed to many other cases in the English courts; and, inasmuch as the question of the indictability of an offence, under a penal statute, was not argued or averred in the case decided by Judge Story, it cannot fairly be claimed that the rule quoted from a single case, which is opposed to many other authorities, should be controlling. And what is said by the same eminent judge in Ex parte Marquand, that an indictment does not lie in such cases, is sustained by reference only to Rex v. Malland and Adams v. Wood—the latter of which does not at all involve the question. The judge in the subsequent case to which I have referred, Matthews v. Offley [supra], which was an action of debt to recover a pecuniary penalty, for violating a public statute, says: "It has been held that a suit will not lie by a common informer, for such penalty, unless power is given to him for that purpose by statute; neither will an indictment lie for such a penalty unless also specially allowed by statute, for it is properly recoverable as a debt in a court of revenue by government, and is in no sense a criminal proceeding." The language of Judge Story, in the two last cases to which I have referred, is broad enough to overturn what was before a well-settled doctrine, provided what he says is to be regarded and held as law. Inasmuch, however, as Mr. Justice Story does not refer to the authorities, long existing, on which a contrary rule rests, thus showing that he did not himself consider that he was differing with authorities on the question, I cannot think it was intended to go so far as the language imports, in opposition to a well-settled rule of law governing penal statutes.

Indeed, well-settled rules of law, resting firmly on time-honored authority, are not overturned by the opinion a court may express on points either not within the case under consideration, or, if so, not without taking some notice of the former authorities on which the contrary doctrine rests. I will recur to a few authorities, to show the law to be otherwise than the language of Judge Story would indicate it to be. And first, I read from Sedgwick on Statutory and Constitutional Law (page 96): "Where a statute prohibits an act to be done under a certain

penalty, though no mention is made of indictment, the party offending may be indicted and fined to the amount of the penalty; but where it is merely provided, that if any person do a certain act, he shall forfeit a certain sum to be recovered by action of debt, no indictment can be supported." If a statute enjoins an act to be done without pointing out any mode of punishment, an indictment will lie for disobeying the injunction of the legislature. And I refer to, as fully sustaining these views. 1 Chit. Cr. Law, 162; Cro. Eliz. 635; 2 Just. 131; 1 Whart. Cr. Law, § 10; 1 Russ. Crimes, pp. 49, 50; Rex v. Wright. 1 Burrows, 544, 545; Rex v. Harris, 4 Term R. 204, 205.

I wish to notice one further distinction in reference to penal statutes, before adverting to the sections of the statute in reference to stamps on notes. &c. viz.: "Where a statute prohibits an act which was before lawful, and enforces the prohibition with a penalty, and a succeeding statute. or the same statute in a subsequent substantive clause. describes the mode of providing for the penalty different from that by indictment. the prosecutor may, notwithstanding. proceed by indictment upon the prohibitory clause as for a misdemeanor at common law. or he may proceed in the manner pointed out by the statute, at his option; but if the manner of proceeding for the penalty be contained in the same clause which prohibits the act. the mode of proceeding given by the statute must be pursued, and no other." And the reason is said to be. that the express mention in the same clause of any other mode of proceeding impliedly excludes that by indictment. 1 Whart. Cr. Law, § 10, par. 3; 1 Russ. Crimes, pp. 49, 50, and the authorities last before referred to. But I regard the case of U. S. v. Bougher [Case No. 14,627], as fully an offset to Judge Story's opinion, and as giving a just and correct rule, viz.: "In all cases where an act is declared to be unlawful, and a punishment or penalty is annexed to the doing of the act, it pertains to the sovereignty of the state, through the agency of the judicial department, to punish it by indictment. And it does not require any express statutory authority to warrant such a proceeding."

If we now carefully read sections 94 and 95 of the statutes. it will not be difficult to determine whether an indictment can be sustained on those sections. As I have said. it was argued that there was no prohibition against making instruments in writing. without paying the duty or fixing thereon stamps. but only a penalty imposed for doing so, which could be collected in a civil action alone. If we remove from section 94 words that do not affect its sense or meaning for our present purpose, and retain only those words that are necessary to our present examination, it declares as follows. viz.: "That * * * there shall * * * be paid, for and in respect of the several instruments * * * mentioned in schedule B, * * *

by any person * * * who shall make * * * the same * · * * the duty or sum of money set down in figures, against the same, or otherwise specified or set forth in said schedule." That does not mean merely, a person may do so, but it declares he shall, that is, it positively requires and commands every person who makes a note for over $20 to pay the duty imposed thereon. And the law is, that a wilful violation of that command is an offence, and may be punished by the statute, as will be noticed, not fixing any punishment or mode of proceeding. Section 95 declares, substantially, that if a person makes a note, etc. without the same being stamped for denoting the duty imposed thereon, or without having thereon an adhesive stamp to denote such duty, such person shall incur a penalty of fifty dollars; but does this section not prohibit the act by imposing the penalty upon those who shall make the instrument, as clearly as though by direct word of prohibition? I think so, and that the remedy, under this section, comes under the rule in Sedgwick on Statutory and Constitutional Law, and the other authorities cited. At the same time, an action or information of debt may be brought to collect the penalty, at the option of the prosecutor; and, indeed, section 31 clearly gives a civil action to recover any pecuniary penalty named in the act.

It will be further noticed, that section 95 provides the penalty, but does not give the mode of recovery; and hence, the remedy by indictment, under the distinction clearly made (1 Whart. Cr. Law, § 10, par. 3) and supported by ample authority, that where the remedy is not provided in the same clause that gives the penalty, but in another substantive clause, the prosecutor may elect to proceed as for a misdemeanor, at common law or by civil suit.

I am entirely satisfied that the rule of law governing statutory penalties is well defined and established. not only by elementary writers. but by adjudicated cases of high authority, and to be in accordance with the views I have expressed. Whatever may be said of the policy of adopting the remedy by indictment, rather than to collect the penalty by civil action, there is no doubt as to the right. And I may add that I see no objection to the government taking the remedy by indictment; for, if the action of debt, in all cases, was resorted to, it is fair to presume that in half the cases the government would be beaten on the execution. There being no imprisonment for · debt, those without pecuniary responsibility might violate the statute with impunity, and the government would practically, in such cases, be remediless; there would be no use suing in debts where there could be no collection of the penalty and costs of suit, for want of property in the defendants.

I see no objection, therefore, to the remedy by indictment. If a man will violate a public

statute, which exacts no more of him than duty and patriotism demand, he has no right to complain, if the government, whose laws he has broken, adopt a mode of prosecution that is sure to prove effective.

The demurrer is overruled, with leave for defendant to plead to the indictment. and, as before intimated. the motion to quash in the other case is denied